## Burns et al. v. Niagara Life Insurance Company et al.

*Foreign corporations — Service of process upon — Decree dissolving corporation and providing for determination of rights and liabilities as of a subsequent date.*

Service of process cannot be made upon the Insurance Commissioner as the agent of a foreign insurance company after the dissolution of the corporation by a formal decree in its own state, notwithstanding the fact that the decree provides that the rights of all persons interested in the assets of the corporation shall be determined as of a date subsequent to the service of the writ upon the Pennsylvania Commissioner.

Rule to set aside service of process. C. P. No. 2, Phila. Co., Dec. T., 1922, No. 10405.

*John W. Jennings* and *William T. Cooper,* for plaintiffs.

*Saul, Ewing, Remick & Saul,* for defendants.

STERN, J., May 7, 1923.—It appears that the Niagara Life Insurance Company of Buffalo, New York, had been dissolved by decree of the court before service in this suit was made upon the Insurance Commissioner of Pennsylvania. It, therefore, is manifestly impossible for the company to enter an appearance or to authorize any one to appear on its behalf. The Superintendent of Insurance of the State of New York presented a petition to show cause why the service of the bill in equity should not be stricken from the record.

It may be that the taking of such a rule is not in accord with proper practice, and that the matter should be determined in some other form of proceeding, but counsel for the plaintiffs at bar expressly waived all questions in the case except one, namely, whether, under the provisions of the decree of dissolution, the service was or was not valid. We understand that plaintiffs admit, as apparently they must, that a delegation of agency, not coupled with an interest, is revoked by the death of the principal, and that the dissolution of a partnership or of a corporation necessarily, as a matter of law, revokes all powers of attorney theretofore given by such partnership or corporation. It would seem to be elementary that, even though the revocation of an agency may be prohibited by statute or by the agreement of the parties during any specified period not exceeding the life of the principal, there cannot be an agent of a deceased or defunct entity, whether the latter be an individual, a partnership or a corporate organization.

The point, however, contended for by the plaintiffs is that while the decree of the Supreme Court of the State of New York for the County of Erie, dated Feb. 24, 1923, provided that the Niagara Life Insurance Company "be and the same hereby is dissolved and its corporate charter forfeited and annulled," it contained a provision "that all outstanding obligations of the Niagara Life Insurance Company and all insurance policies and all liability for losses and benefits shall expire, cease and terminate at midnight between Feb. 28th and March 1, 1923, standard time at Buffalo, New York, and that the rights and liabilities of the Niagara Life Insurance Company and of its creditors, policy-holders, stockholders and of all other persons interested in its assets be determined and fixed as of midnight between Feb. 28th and March 1, 1923, standard time at Buffalo, New York." From this it is contended that the service in the present case, made on the Insurance Commissioner of Pennsylvania at 1.30 o'clock P. M. on Feb. 28, 1923, was valid.

The court does not believe that the general rule of law above adverted to

is inapplicable merely because of the clause just quoted. The decree plainly dissolved the corporation as of the date of the entry of the decree, namely, Feb. 24, 1923, and at that moment its life ceased. All that the clause in question provides is that the rights and liabilities of the company shall be determined as of the end of the month of February, 1923. The fixing of a date when obligations shall be considered as maturing for the purpose of determining contractual obligations between the various parties in interest is a distinctly different matter from the fixing of a time when the life of an organization created by law shall cease. Even in the case of an individual, the rights and liabilities of his estate may be determined as of a certain period following his death, but that would not revive his existence nor prevent the revocation by operation of law of agencies created by him during his lifetime.

This view makes it unnecessary to consider the principle of comity argued by the petitioner, although it may be stated that the decree of the New York court placed the entire liquidation of the affairs of the Niagara Life Insurance Company in the hands of the Superintendent of Insurance of the State of New York, and there would seem to be no reason why the plaintiffs cannot and should not present any claims that they may have to the liquidator of the company in the New York domicile, where all the rights and liabilities of the company may be worked out by the official machinery provided by the laws of that state.

For the reasons hereinbefore indicated, the rule to strike off the service upon the Niagara Life Insurance Company of Buffalo, New York, has been made absolute.